IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CHARLES ANTHONY PARKER, JR.**, *now known as* ASHLI LYNN SKYE, | : : : : | |
| **Plaintiff**, | : : | **CASE NO:** **7:22-cv-74-WLS-TQL** |
| v. | : : | |
| **TIMOTHY WARD**, *et al.*, | : : : | |
| **Defendants.** | : : | |

## ORDER

Before the Court is a Recommendation filed by United States Magistrate Judge Thomas Q. Langstaff on June 11, 2024 (Doc. 71) ("Recommendation"). Therein, Judge Langstaff recommends granting the motion for summary judgment (Doc. 69) ("Motion") filed on behalf of Defendants Regional Director Stan Shepard, Warden Shawn Emmons, Deputy Warden Ralph Shropshire, and Unit Manager Delisha Bryant (together, the "Moving Defendants"). The Moving Defendants seek summary judgment with respect to Plaintiff's claim against them alleging they were deliberately indifferent to the threat of harm posed to Plaintiff by inmate Phillip Frazier.[1] Judge Langstaff notified the parties that they had fourteen days within which to file an objection to the Recommendation. Neither party did so. (*See* Doc. 71 at 12–13 and Docket). Thus, the Court reviews the Recommendation for clear error.[2]

---

[1] In addition to Plaintiff's claim of deliberate indifference to her safety against the Moving Defendants, Plaintiff's claim against Officers Tyler Dominiak and Joshua Walton for deliberate indifference to her safety with regard to walking her through the hospital in excessively tight shackles was allowed to proceed for further development. (*See* R&R and Order Docs. 8, 30). All other Defendants have been dismissed from this action pursuant to the Court's Order (Doc. 57) adopting Judge Langstaff's Recommendation (Doc. 56).

[2] Section 636(b) provides that "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made." 28 U.S.C. § 636(b); FED. R. CIV. P. 72. If no timely objections are filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks and citation omitted)).

1

**I.   BACKGROUND AND PROCEDURAL HISTORY WITH RESPECT TO MOVING DEFENDANTS**[3]

Plaintiff[4] was confined at Valdosta State Prison ("VSP") between June and September 2021. (Doc. 6). Plaintiff's unverified, recast Complaint (Doc. 6) was filed on September 19, 2022. Specifically, Plaintiff alleges that the Moving Defendants were deliberately indifferent to her safety by not putting her in protective custody when she reported a threat to her safety posed by inmate Phillip Frazier.

Plaintiff states that she and inmate Frazier shared a cell and were in a consensual romantic relationship for approximately nine months. Pl. Dep. 20:16–21:17, ECF No. 69-3. On May 29, 2021, during a lockdown, Plaintiff alleges the relationship turned violent when Frazier beat Plaintiff and held her at knife point.[5] *See generally id.* 21–24. Plaintiff further alleges that Frazier did not release her from their cell until June 1, 2021. *Id.* It is unclear how Frazier was able to keep Plaintiff in the cell for this time period without VSP officers noticing. In any event, immediately upon being released from the cell, Plaintiff alleges that she reported the incident to Shropshire and Emmons and also reported the incident to Bryant. She told all of them that she wanted protective custody. *Id.* 24, 99-100. Plaintiff alleges that Shropshire laughed and did not take her seriously, instead telling her that it was just a lover's quarrel and she and Frazier would be back together in a few hours. *Id.* 31:2–13. Plaintiff states she continually requested protective custody. *Id.* 70, 77–78. However, Plaintiff does not contest that Frazier was immediately removed from the cell on June 1, 2021, when she reported the incident, and that he was placed in lockup. *Id.*

Even though Frazier had punched or slapped her prior to the May 29, 2021 event, Plaintiff did not report the prior instances to any of the Moving Defendants because she never believed her life was in jeopardy. *Id.* 32:14–24. She reported the May 29, 2021 event, because she felt that holding someone at knifepoint and threatening to kill them is different from just

---

[3] Facts provided herein are summarized from the Moving Defendants' Declarations (Docs. 69-4 through 69-7) and Plaintiff's deposition (Doc. 69-3). Page numbers included in citations to Plaintiff's deposition refer to the page number of the deposition itself rather than the CM/ECF page numbers.

[4] Plaintiff represents that she is a transgender woman who uses she/her pronouns. (*See* Doc. 1 at 4).

[5] Plaintiff testified that she was not physically injured, because Frazier "hits like a girl." Pl. Dep. 23:10–16. However, she was scared because he held her at knife point. Plaintiff contends she has psychological injuries. *Id.* 79–80, 115–16.

2

having fistfights. *Id.* As such, June 1, 2024, was the first time Plaintiff reported to any of the Moving Defendants that she was concerned that Frazier was going to harm her. *Id.* Even after Frazier was removed from their cell on June 1, 2024, Plaintiff continued to insist on being placed in protective custody because she was then afraid that other inmates, who were members of the same gang as Frazier, were going to jump her for reporting Frazier. *See generally id.* 35-39, 44–47. She was told VSP does not have protective custody. *Id.* 39:11–15. Plaintiff was told her options on June 1, 2021, were to either return to her cell, from which Frazier had been removed, or to go to lockdown. Plaintiff chose to go to lockdown. *Id.* 36.

The next day, Plaintiff was sent to the Atlanta Medical Center for unrelated treatment, where she remained for eighteen days. *Id.* 48:20–22; 72:25–73:1. Plaintiff alleges she reported the incident to Shepard after she returned to VSP from the hospital. *Id.* 69–70. She did not remember the exact date, but she essentially told Shepard the same thing she told Emmons, Shopshire, and Bryant and asked that she be placed in protective custody. *Id.* 92-93, 96.

When she returned to VSP from the Atlanta hospital, she and Frazier were placed in separate, adjacent buildings with a basketball court and fence between them. *Id.* 75–76. Plaintiff stated that a "do-not-associate" order had been placed in both Plaintiff's and Frazier's files. *Id.* 73:10–16. According to Plaintiff, the "do-not-associate" order meant that she and Frazier were "not to be housed anywhere near each other. . . . [They were] not even supposed to be on the same compound[,]" which Plaintiff defined as the same "prison grounds." *Id.* 73:17–74:22. Plaintiff, continued to request that she be placed in protective custody contending that she still did not feel safe because she and Frazier were "within spitting distance" of each other, and the gates in the fence were not always locked. *Id.* Plaintiff alleges that Frazier had been able to gain access to Plaintiff's location on a number of occasions, and on one such occasion, he punched Plaintiff in the face. *Id.* 112–13. In other instances, Frazier was intercepted and prevented from having contact with Plaintiff. *Id.* 78–79; 90–92.

Defendant Shepard does not recall Plaintiff requesting protecting or expressing fear of inmate Frazier (Doc. 69-4 ¶ 3). Defendant Emmons states Plaintiff was not denied protection, she was separated from Frazier when requested, and she was never placed in a dormitory or cell with inmate Frazier again (Doc. 69-5 ¶¶ 3–4, 6–8, 10). Defendant Shropshire recalls that Plaintiff requested to be separated from Frazier, but does not recall that she told him Frazier

3

had threatened her with a knife or that she felt threatened by Frazier. He further denies that Plaintiff told him she was afraid any other inmates were going to jump her. (Doc. 69-6 ¶¶ 4, 6–7). Defendant Bryant states Plaintiff did not communicate to her a fear of assault by Frazier or anyone else. (Doc. 69-7 ¶ 5).

## II.   MOTION FOR SUMMARY JUDGMENT AND RECOMMENDATION

Moving Defendants moved for summary judgment, attaching to their Motion declarations from all four of them, a statement of undisputed material facts, and a transcript of Plaintiff's deposition. Plaintiff was notified of the filing of the Motion and was advised of her obligations and directed to file a response to the Motion within thirty days. (Doc. 70). Plaintiff failed to file a response to the Motion.

Upon reviewing the record, Judge Langstaff concluded that the Motion should be granted because the facts, taken in the light most favorable to the Plaintiff, showed that the Moving Defendants had acted reasonably in responding to Plaintiff's reports of the attack by Frazier and potential harm to Plaintiff from Frazier. Frazier was immediately moved to lockup, a "do-not-associate order" was placed in their files to keep them separated, and when Plaintiff returned to VSP from the Atlanta hospital, she and Frazier were placed in separate buildings, with a fence and locked gates between them. Although Frazier was able to punch Plaintiff on one occasion after their separation, Plaintiff testified that on other occasions, Frazier's attempts to get to her were intercepted. In addition, Judge Langstaff found that the Moving Defendants are entitled to qualified immunity. Upon review and without objection, the Court finds no clear error.

## III.   CONCLUSION

In the Recommendation, Judge Langstaff recommends that the Court grant the Moving Defendants' Motion for Summary Judgment (Doc. 69).  Upon full review and consideration of the record, the Court finds that Judge Langstaff's Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.

Accordingly, Moving Defendants' Motion for Summary Judgment (Doc. 69) is **GRANTED**.  It is hereby **ORDERED AND ADJUDGED** that Plaintiff shall take nothing

by her recast Complaint (Doc. 6) from the Moving Defendants, and **JUDGMENT** shall be entered in favor of Defendants Regional Director Stan Shepard, Warden Shawn Emmons, Deputy Warden Ralph Shropshire, and Unit Manager Delisha Bryant and against Plaintiff.

**SO ORDERED**, this 1st day of August 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
