IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **CHARLES ANTHONY PARKER, JR.,** *now known as* ASHLI LYNN SKYE, | : : : : | |
| **Plaintiff,** | : : | CASE NO: 7:22-cv-74 (WLS) |
| v. | : : | |
| **JOSHUA WALTON,** *et al.,* | : : | |
| **Defendants.** | : : : | |
| _____ | | |

**ORDER**

On October 4, 2024, Defendants' Motion *in Limine* (Doc. 79) ("Motion") was filed. On October 8, 2024, the Court held a Pretrial Conference in this case, at which the Motion was discussed. Plaintiff had not filed a response to the Motion prior to the Pretrial Conference. During the Pretrial Conference, the Court heard arguments and discussion on the Motion, after which the Parties agreed that the issues in the Motion may be narrowed. To date, the Plaintiff has not responded to the Motion. Nor has Defendant filed an amended Motion narrowing the issues. The Court considers briefing completed, and the Motion ripe for decision.

This Order summarizes the Court's position and law with respect to motions *in limine*. The Order then memorializes the Court's rulings on the Motion.

**I.   BACKGROUND FACTS**

Plaintiff Charles Anthony Parker, who is now known as Ashli Lynn Skye,[1] was a state prisoner who was confined at Valdosta State Prison, on June 2, 2021. Defendants Joshua Walton and Tyler Dominiak were Correctional Officers at Valdosta State Prison on June 2, 2021.

---

[1] Plaintiff is a transgender woman who uses she/her pronouns.

On June 2, 2021, Plaintiff had a medical appointment at Atlanta Medical Center. Officers Walton and Dominiak were assigned to escort Plaintiff to the Atlanta Medical Center by van. Officer Dominiak placed leg restraints as required by Georgia Department of Corrections policy on Plaintiff's ankles and Plaintiff was placed in the van. Plaintiff alleges she complained about the tight shackles and requested that they be loosened, but that the Officers refused to stop and loosen the shackles. Plaintiff alleges that the shackles were on so tightly that they cut into Plaintiff's ankles and caused permanent scarring, and that she was crying from the pain. Plaintiff asserts a claim against Officers Dominiak and Walton for deliberate indifference to her safety with regard to walking her a long distance through the Atlanta Medical Center in excessively tight restraints causing the injuries to her ankles. Plaintiff seeks compensatory and punitive damages.

The Officers contend that Plaintiff complained about the length of the walk but did not complain about the restraints being tight. Officer Walton removed the shackles from Plaintiff's ankles. The Officers were not aware of, and did not observe, any injury to Plaintiff's ankles.

## II.   LAW AND ANALYSIS

### A.   Motions *in Limine* are Disfavored and Preliminary

As an initial matter, the real purpose of a motion *in limine* is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (Tjoflat, J., dissenting from denial of reh'g en banc (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."))). And relevance is intentionally a broad concept— "[e]vidence is relevant if it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed. R.

2

Evid. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's *in limine* position. Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "'[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information.'" *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984) (quoting *Bruton v. United States*, 391 U.S. 123, 135 (1968)); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013).

As such, the Court disfavors motions *in limine* and retains the discretion to change any rulings on evidence made herein based on a party's objections, evidence, or arguments at trial. However, no counsel, party, or witness may reference excluded evidence before counsel first notices the Court and opposing counsel outside of the presence of the jury and obtains the Court's ultimate ruling regarding the same. Counsel shall also accordingly instruct their witnesses. Counsel shall make proper and timely objections at trial as to any evidence or argument they consider inadmissible or improper.

> Motions in limine exist to help narrow and define the questions that will be presented at trial and to assist the trial court and counsel in preparation for and execution of the trial.
>
> Further, motions in limine can be useful in avoiding even the passing mention in front of the jury of improper or inadmissible matters that are particularly prejudicial. *A motion in limine that essentially asks the trial court to follow the law does not accomplish any of those ends.*

*Williams v. Harvey*, 858 S.E.2d 479, 492 (Ga. 2021) (Bethel, J. concurring) (emphasis added).

Counsel shall make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894-95 (11th Cir. 2019) (finding that a party should promptly object to suspected violations of a motion *in limine* order unless objection would clearly be futile).

With this background, the Court turns to the pending Motions *in Limine*.

### III.   MOTION

Defendants' Motion lists four subjects on which Defendants request Plaintiff be precluded from offering evidence during the trial of this matter.

3

A.      **"Other Act" Evidence**

Defendants seek to preclude Plaintiff from testifying about other incidents or other perceived wrongs suffered during her incarceration that were included in allegations that have been dismissed from this action. The claims include a deliberate indifference to safety claim with regard to threats by another inmate,[2] a deliberate indifference to a medical need claim for withholding hormone therapy, and an excessive force claim related to use of a taser. Defendants contend such evidence is irrelevant and that it should be excluded as improper character evidence. Defendants conceded, however, that such evidence may "be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." (Doc. 79 at 2).

Based on the foregoing and upon full review and consideration of the record, the motion, and considering the arguments of counsel, the Court finds that Defendant's Motion to preclude evidence relating to any of Defendants' "other acts" is **DENIED IN PART, AND GRANTED IN PART**, such that prior to introducing evidence relating to any of Defendants' "other acts," Plaintiff shall lay a proper foundation that such evidence is relevant. Such foundation shall be presented on proper notice to opposing counsel and the Court, and outside of the hearing of the jury.

B.      **Hearsay**

Defendants next argue that testimony must be based on personal knowledge of the witness, and request that Plaintiff be precluded from offering hearsay evidence. A motion that essentially asks the Court to require opposing party to comply with the Federal Rules of Evidence, or that the Court follow the law, does not serve the purposes of a motion *in limine*. *Williams*, 858 S.E.2d at 492 (Ga. 2021).

Accordingly, the Defendants' Motion to preclude Plaintiff from presenting hearsay evidence is **DENIED, WITHOUT PREJUDICE**. The Defendant may raise such objection, to the extent appropriate, as it relates to specific testimony offered by Plaintiff at trial.

---

[2] At the Pretrial Conference, Defendants specifically objected to Plaintiff referring, in the Joint Proposed Pretrial Order, to injuries she sustained on May 29, 2021, when she was beaten by a fellow inmate. Subsequent to the conference, this reference was removed from the Parties' Amended Joint Proposed Pretrial Order. Thus, the Court considers this particular matter resolved during the Pretrial Conference.

4

### C.     Evidence regarding Policies of State of Georgia and/or Georgia Department of Corrections

Defendants next seek to exclude as irrelevant evidence as to the policies of the State of Georgia and/or Department of Corrections and/or evidence that Defendants violated such policies. Defendant has not identified any specific evidence expected to be presented by Plaintiff, the mention of which is prejudicial to the Defendants, that cannot be adequately addressed by objection and/or curative instructions.

Based on the foregoing and upon full review and consideration of the record, the Court finds that Defendants' Motion to preclude evidence relating to the policies of the State of Georgia and/or Department of Corrections and/or evidence that Defendants violated such policies, is **DENIED IN PART, AND GRANTED IN PART**, such that prior to introducing such evidence, Plaintiff shall lay a proper foundation that such evidence is relevant. Such foundation shall be presented on proper notice to opposing counsel and the Court, and outside of the hearing of the jury.

### D.     Insurance

Defendants next argue that evidence that Defendants are insured against liability is irrelevant, prejudicial, and inadmissible as it relates to Defendants' potential liability to Plaintiffs. Defendants request that Plaintiff be precluded from mentioning insurance coverage, including any reference to the Department of Administrative Services or other entity which Plaintiff perceives is or may be involved with liability insurance coverage or settlement of claims in this action.

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed. R. Evid. 411.

Again, a motion that essentially asks the Court to require opposing party to comply with the Federal Rules of Evidence, or that the Court follow the law, does not serve the purposes of a motion *in limine*. *Williams*, 858 S.E.2d at 492 (Ga. 2021).

5

Accordingly, the Defendant's Motion to preclude Plaintiff from presenting evidence that Defendants are insured against liability is **DENIED, WITHOUT PREJUDICE**. The Defendants may raise such objection, to the extent appropriate, as it relates to specific testimony offered by Plaintiff at trial. The Court notes, however, that the evidence of insurance is generally inadmissible to prove liability and irrelevant. Therefore, the burden is upon the proponent of such evidence to first show relevance and proper grounds for admission upon notice to opposing counsel and the Court outside the presence of the jury.

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion *in Limine* (Doc. 79) is **DENIED IN PART, AND GRANTED IN PART**, as specifically set forth above.

**SO ORDERED**, this 29th day of October 2024.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**